**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NEFTALI**
**HERNANDEZ,**

        **Petitioner,**

        v.                               CASE NO. 09-3271-RDR

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**

        **Respondent.**

### O R D E R

The initial pro se pleading is this action, entitled "Motion for Declaratory and Injunctive Relief on Residential Wavier (sic) of Deportation Pursuant to 8 U.S.C.S. 1882 212(C)[1]," was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. The matter was liberally construed and docketed by the court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and is provisionally treated as such. Petitioner has paid a filing fee of $5.00[2]. Having considered the materials filed, the court finds as follows.

Petitioner seeks "relief from his order of deportation in the near future." He states he has lawfully held a green card and resided in the United States for 30 years while being gainfully employed and raising a family. He alleges several additional factors, which he asserts demonstrate his application for waiver of deportation has a factual basis and "warrants favorable

---

[1] The court assumes petitioner is referring to 8 U.S.C. 1182, and § 212(c) of the Immigration and Nationality Act, as amended by § 1182(c).

[2] If this matter were to proceed as a civil action for declaratory and injunctive relief, the filing fee is $350.00. The filing fee for a habeas corpus petition is $5.00.

consideration." Petitioner's allegations indicate he was convicted and sentenced for drug offenses, and incarcerated for 40 months. However, he does not allege facts indicating when his crimes were committed, or when the hearing was held before an Immigration Judge that resulted in the deportation order. Nor does he allege facts indicating he appealed Immigration Judge's decision to the Board of Immigration Appeals.

## **LACK OF JURISDICTION**

The jurisdiction of this district court over petitioner's request for relief from his order of deportation is not established in the initial pleading. Petitioner cites 8 U.S.C. § 1182, which is § 212(c) of the Immigration and Naturalization Act, but, as amended several years ago, this provision does not entitle him to relief in this court. He also cites 8 U.S.C. §§ 1531 and 1534. However, § 1531 contains "definitions" used in the subchapter on "Alien Terrorist Removal Procedures", while § 1534 provides for Alien Terrorist Removal Procedure including a removal hearing to be conducted by a Removal Court designated by the Chief Justice of the United States. Neither of these provisions grants jurisdiction to this U.S. District Court to review the order of deportation in petitioner's case. Petitioner does not allege any facts indicating he has been identified as an "alien terrorist." Finally, petitioner asserts that this court has jurisdiction under 8 U.S.C. § 1229(b)(1). This specific provision provides for the scheduling of removal proceedings so as to allow the alien to obtain counsel, and is a part of the subchapter on removal proceedings to be conducted by an immigration judge for deciding deportability of an alien.

2

None of the statutes cited by petitioner confers jurisdiction upon this court to review his deportation order. The cases cited by petitioner do not entitle him to relief in this court, as they were decided prior to the current amendments to the relevant statutes governing judicial review of deportation.

8 U.S.C. § 1252, governs judicial review of final orders of removal. Section 1252(a)(5) pertinently provides:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. . . .

Id. Section 1252 of the Immigration and Naturalization Act was amended by Congress in 2005 to expressly divest federal district courts of jurisdiction over habeas petitions that seek review of INS removal orders. See 8 U.S.C. § 1252(a)(5). Instead, the exclusive means of judicial review of a final removal order is by petition for review to the appropriate Circuit Court of Appeals. 8 U.S.C. § 1252(a)(2)(D); see Tostado v. Carlson, 481 F.3d 1012 (8th Cir. 2007). Requirements for filing a "petition for review" of an order of removal, such as deadlines and venue, are set forth in 8 U.S.C. 1252(b). Accordingly, this Court concludes it lacks jurisdiction to grant the requested relief of vacating petitioner's final order of removal. Petitioner is required to follow the applicable statutory procedures.

**IT IS THEREFORE ORDERED** that petitioner shall be given twenty

(20) days in which to show cause why this action should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:  This 11th day of January, 2010, at Topeka, Kansas.**


                                    <u>s/RICHARD D. ROGERS</u>
                                    **United States District Judge**